

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-13-00044-CR

_____

**JOSEPH GLEN DAUBEN,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

_____

### From the 13th District Court
### Navarro County, Texas
### Trial Court No. 34055-CR

_____

## MEMORANDUM OPINION

_____

Joseph Glen Dauben was convicted of one count of indecency with a child by

sexual contact and three counts of sexual assault of a child. TEX. PENAL CODE ANN. §§

21.11(a)(1); 22.011(a)(2) (West 2011). He was sentenced to 10 years in prison on each

count. The sentence for the conviction of indecency with a child by sexual contact was

suspended and Dauben was placed on community supervision for 10 years. Because

the trial court did not abuse its discretion in allowing certain testimony and because an

argument made by Dauben on appeal was not preserved, the trial court's judgment is affirmed.

In his first issue, Dauben contends the trial court erred in allowing a witness, Texas Ranger Jason Bobo, to comment on the credibility of the complainant, K.D., and the veracity of his allegation. We review a trial court's decision to admit or exclude evidence under an abuse of discretion standard. *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010). The trial court abuses its discretion only when the decision lies outside the zone of reasonable disagreement. *Id*.

The testimony about which Dauben complains is set out as follows.

Q. In observing the interviews, what types of things are you looking for from the child to be able to test the veracity of their outcry?

A. Usually looking for consistencies in their statements. The ability to basically give the obvious, the whos, whats, the whens and the wheres. And, you know, they don't faulter [sic] in those where, you know, date changes, people, witnesses, things of that nature.

Q. And in observing [K.D.]'s interview, did you find his interview to be consistent?

DEFENSE: Objection, your Honor, it's invading the province of the jury commenting on the credibility.

COURT: State your question again. What was your question?

STATE: The question was in observing [K.D.]'s interview, whether or not he found his outcry to be consistent.

COURT: I'll overrule.

Q. You may answer.

A. His outcry was consistent.

\*\*\*

Q. Okay. Ranger, are you familiar with the term coaching?

A. Yes.

Q. And what in your line of work is coaching?

A. Maybe I misspoke. I think I know what you're referring to. Are we on the grooming/coaching?

Q. Yes, sir.

A. Okay. Yes.

Q. You're familiar with those terms.

A. Correct.

Q. What is your understanding of coaching?

A. It can be wide and varying, but coaching is simply, you know, trying to get a child, or any other person for that matter to basically agree with you, accept maybe something they don't think is normal, or they could or could not, basically kind of get them to see eye to eye on certain things and it's usually sexual activity when we're talking about, you know, children and being at the Child Advocacy Center and things of that nature.

Q. Okay. So were there any indications in watching the interview that the interviewer, for example, Mrs. Evans, coached the child into making an outcry?

DEFENSE: Again, we could object, your Honor. It invades the province of the jury. He's not -- also the proper foundation, but more so invading the province.

COURT: I'll overrule.

Q. You may answer.

A. Was there anything to suggest or indicate that he had been coached to tell this story? Is that really the question?

Q. That is the question.

A. Okay. Sure. I understand.

DEFENSE: Same objection, your Honor.

COURT: It will be overruled. You may respond, sir.

A. There was nothing indicating that his story was rehearsed, practiced, or coached or anything of that nature.

Dauben argues that Ranger Bobo's ultimate answers, that K.D.'s statement at the Child Advocacy Center was consistent and that there was nothing to indicate K.D.'s story was coached, were opinions on the truthfulness of K.D. A direct opinion on the truthfulness of a child, from either a lay witness or an expert witness, is inadmissible. *See Schutz v. State*, 957 S.W.2d 52, 59 (Tex. Crim. App. 1997); *Yount v. State*, 872 S.W.2d 706, 708 (Tex. Crim. App. 1993). This is because a direct opinion as to the truthfulness of a witness "crosses the line" and does more than "assist the trier of fact to understand the evidence or to determine a fact in issue;" it decides an issue for the jury. *Yount*, 872 S.W.2d at 709 (Tex. Crim. App. 1993) (*quoting Duckett v. State*, 797 S.W.2d 906, 914-915 (Tex. Crim. App. 1990)).

However, in both situations, Ranger Bobo testified as to the indicia of consistency and coaching and then gave his opinion based on those indicia. We do not consider this type of testimony to be a direct opinion that K.D. was sexually abused or that he was

telling the truth. *See Schutz*, 957 S.W.2d at 73 (testimony that complainant did not exhibit specific traits did not constitute a direct comment on the truth of the allegations).

Accordingly, the trial court did not abuse its discretion in overruling Dauben's objections, and Dauben's first issue is overruled.

In his second issue, Dauben contends the trial court erred in admitting the written statement of K.D. over Dauben's hearsay objection. Specifically, Dauben argues that, although Dauben attacked K.D.'s credibility by arguing that K.D. manufactured his allegation against Dauben, K.D's statement was not admissible as a prior consistent statement because there was never any suggestion that the "fabrication" was recent.

Rule 801(e)(1)(B) of the Texas Rules of Evidence allows for the admission of a witness's prior consistent statement "to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive." TEX. R. EVID. 801(e)(1)(B). A trial court's determination that a prior consistent statement is admissible is reviewed only for an abuse of discretion. *Hammons v. State*, 239 S.W.3d 798, 806 (Tex. Crim. App. 2007)

At trial, and in response to Dauben's hearsay objection, the State argued that the statement was admissible as a prior consistent statement because Dauben had attacked K.D.'s veracity. Dauben argued that he never attacked K.D.'s veracity and that K.D. never changed his story; thus, the statement was inadmissible under the State's theory. He did not argue to the trial court, as he does now, that there was never any suggestion that K.D.'s fabrication of his complaint against Dauben was recent. Because it was

incumbent upon Dauben (as the losing party in the trial court) to alert the trial court to any elements of rule 801(e)(1)(B) that would require exclusion of K.D.'s statement, Dauben has not preserved this argument for appeal. TEX. R. APP. P. 33.1; *Klein v. State*, 273 S.W.3d 297, 312 (Tex. Crim. App. 2008) (citing *Bolden v. State*, 967 S.W.2d 895, 896-99 (Tex. App.—Fort Worth 1998, pet. ref'd) (defendant preserved claim that state's direct examination of witness to defuse anticipated attempt by defense to impugn witness' motives precluded admission of prior consistent statement to rehabilitate witness after attempted impeachment by the defense, but defendant failed to preserve claim that prior consistent statement was inadmissible because it post-dated the witness' motive to fabricate)).

Accordingly, Dauben's second issue is overruled.

Having overruled each issue, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
Justice Davis, and
Justice Scoggins
Affirmed
Opinion delivered and filed June 5, 2014
Do not publish
[CR25]